UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| RITA MENDEZ, | CIVIL COMPLAINT |
| Plaintiff, | |
| v. | CASE NO. 1:23-cv-02499 |
| HUNTER WARFIELD, INC., and ROCKWELL PARTNERS, LLC, | DEMAND FOR JURY TRIAL |
| Defendant. | |

## COMPLAINT

**NOW COMES** RITA MENDEZ ("Plaintiff"), by and through the undersigned counsel, complaining as to the conduct of HUNTER WARFIELD, INC. ("HW"), and ROCKWELL PARTNERS, LLC ("Rockwell") (collectively, "Defendants") as follows:

### NATURE OF THE ACTION

1. Plaintiff brings this action seeking redress for violations of the Fair Debt Collection Practices Act ("FDCPA") pursuant to 15 U.S.C. §1692 *et seq*. and the Illinois Consumer Fraud and Deceptive Practices Act ("ICFA"), pursuant to 815 ILCS 505/1 *et seq*.

### JURISDICTION AND VENUE

2. Subject matter jurisdiction is conferred upon this Court by the FDCPA, and 28 U.S.C. §§ 1331 and 1337, as the action arises under the laws of the United States.

3. This Court has supplemental jurisdiction over Plaintiff's state law claim pursuant to 28 U.S.C. § 1367(a).

1

4. Venue is proper in this Court pursuant to 28 U.S.C. § 1391 as Plaintiff resides in the Northern District of Illinois and all of the events or omissions giving rise to the claims occurred in the Northern District of Illinois.

## PARTIES

5. Plaintiff is a consumer, and a natural person over 18-years-of-age who, at all times relevant, resided in the Northern District of Illinois.

6. HW is a debt collector who engages in collecting or attempting to collect, directly or indirectly, default debts owed or due using mail, credit reporting, and telephone from consumers across the country, including consumers in the state of Illinois. HW's principal place of business is located at 4620 Woodland Corporate Blvd., Tampa, Florida 33614.

7. Monte Clare Apartment is a housing complex that located Harwood Heights, Illinois ("subject property"). Monte Clare Apartments is owned and operated by Rockwell Partners, LLC. Rockwell Partners, LLC is located at 1000 N. Halsted St., Suite 102, Chicago, Illinois 60642.

## FACTS SUPPORTING CAUSES OF ACTION

8. On December 11, 2022, after moving out of her Monte Clare apartment unit, owned by Rockwell Partners, LLC ("Rockwell"), Plaintiff had a remaining balance of $1,240 ("subject debt") owed to Rockwell for pool damage and other various charges.

9. On January 4, 2023, Plaintiff paid Rockwell a money order of $615 toward the subject debt, bringing her new balance to $625.

10. Sometime thereafter, HW acquired the right to collect on the defaulted subject debt.

11. On January 5, 2023, Plaintiff received a collection letters in the mail from HW attempting to collect on the subject debt. However, the amount HW was attempting to collect on the original $1,240 balance.

12. Subsequently thereafter, Plaintiff contacted HW to dispute the amount it was collecting on and told HW that she does not owe $1,240 because she made a payment to Rockwell for $615. Moreover Plaintiff told HW that her balance on the subject debt should be $625.

13. On February 17, 2023, Plaintiff then sent HW a copy of the money order she made to Rockwell and a handwritten letter explaining that the subject debt is only $625.

14. Despite providing proof of payment to Rockwell, HW did not reduce the subject debt amount and further attempted to collect on the subject debt for $1,240.

15. On April 4, 2023, Plaintiff called Rockwell to confirm that the amount she owes is $625. In the phone call, Rockwell stated that Plaintiff was only responsible for $625 and that she made a payment toward the subject debt on January 4, 2023, for $615.

16. Despite HW being aware Plaintiff paid Rockwell $615 on January 4, 2023, HW knowingly and willfully continued to attempt on the subject debt by placing phone calls and sending dunning letters attempting to collect a debt for more than Plaintiff legally owed.

17. Concerned about violations of her rights, Plaintiff sought the assistance of counsel to permanently cease HW's collection efforts.

## DAMAGES

18. Defendant's wanton and malicious conduct of attempting to collect on a debt for more than is owed has severely impacted Plaintiff's daily life and general well-being.

19. Plaintiff has expended time and incurred costs consulting with her attorney as a result of Defendant's unfair, deceptive, and misleading actions.

20. Plaintiff was unduly inconvenienced and harassed by Defendants' unlawful attempts to collect the subject debt.

21. Defendant's harassment and illegal collection activities have caused Plaintiff actual harm, including but not limited to, out of pocket expenses, invasion of privacy, nuisance, wasting Plaintiff's time, increased risk of future identity theft, harassment, depression, emotional distress, anxiety, and loss of concentration.

## COUNT I – VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT
### (AGAINST HUNTER WARFIELD)

22. Plaintiff restates and realleges paragraphs 1 through 21 as though fully set forth herein.

23. Plaintiff is a "consumer" as defined by FDCPA § 1692a(3).

24. The subject debt is a "debt" as defined by FDCPA § 1692a(5) as it arises out of a transaction due or asserted to be owed or due to another for personal, family, or household purposes.

25. HW is a "debt collector" as defined by § 1692a(6) because its primary business is the collection of delinquent debts and it regularly collects debts and uses the mail, the telephones, and credit reporting to collect defaulted accounts allegedly owed to a third party.

26. Moreover, HW is a "debt collector" because it acquired rights to the subject debt after it was in default. 15 U.S.C. § 1692a(6).

27. HW used collection letters to attempt to collect the subject debt and, as such, engaged in "communications" as defined in FDCPA § 1692a(2).

28. HW violated 15 U.S.C. § 1692e, e(2), e(10), f and f(1) through its unlawful debt collection practices.

4

a. **Violations of FDCPA § 1692e**

29. Pursuant to 15 U.S.C. § 1692e of the FDCPA, a debt collector is prohibited from making "any false, deceptive, or misleading representation" in connection with the collection of any debt.

30. HW violated § 1692e and e(2) when it falsely misrepresented the character, amount, or legal status of the subject debt. After acquiring the rights to the subject debt, HW attempted to collect on a debt for more than the actual amount. Plaintiff moved out of her Monte Clare unit with a remaining balance of $625, however, HW sent Plaintiff collection letters attempting to collect $1,240. This amount is patently incorrect because Plaintiff paid Rockwell $615 on January 4, 2023, bringing her balance to $625.

31. Moreover, after Plaintiff lowered her balance to $625 on the subject debt directly to Rockwell, HW falsely attempted to collect the subject debt for $1,240 from Plaintiff despite Plaintiff providing HW with the necessary documents to prove that she owes $625.

32. HW violated § 1692 e(10) by using false, deceptive, and misleading representation in connection to the collection of the subject debt. In order to secure payments of the subject debt, HW falsely misrepresented Plaintiff's legal amount of the subject debt despite Plaintiff having a remaining balance of $625 on the subject debt.

33. As an experienced debt collector, Defendant knew or should have known the ramifications of using deceptive and misleading means to attempt to collect debt for more than is owed.

b. **Violations of FDCPA § 1692f**

34. HW violated § 1692f when it used unfair and unconscionable means to collect the subject debt for more than is owed from Plaintiff. After paying reducing her balance on the subject

debt to $625, HW still attempted to collect on the erroneous amount of $1,240, despite Plaintiff not owing more than $625 of the subject debt.

35. These actions taken by HW are unconscionable as they attempted to charge Plaintiff significant sums of money for more than she legally owes.

36. HW violated § 1692f(1) because Plaintiff was not liable for more than $625 of the subject debt as she reduced her subject debt balance when she made a $615 payment to Rockwell on January 4, 2023.

37. HW attempted to collect on more than was owed as Rockwell confirmed that the amount Plaintiff was responsible for was $625.

38. As an experienced debt collector, Defendant knew or should have known the ramifications of collecting on a debt for more than is owed.

39. As pled above, Plaintiff was harmed by Defendant's conduct.

**WHEREFORE**, Plaintiff RITA MENDEZ, respectfully requests that this Honorable Court enter judgment in her favor as follows:

a. Declaring that the practices complained of herein are unlawful and violate the aforementioned bodies of law;

b. Awarding Plaintiff statutory damages of $1,000.00 as provided under 15 U.S.C. § 1692k(a)(2)(A);

c. Awarding Plaintiff actual damages, in an amount to be determined at trail, as provided under 15 U.S.C. § 1692k(a)(1);

d. Awarding Plaintiff costs and reasonable attorney fees as provided under 15 U.S.C. § 1692k(a)(3); and

e. Awarding any other relief as this Honorable Court deems just and appropriate.

6

### COUNT II – VIOLATIONS OF THE ILLINOIS CONSUMER FRAUD ACT
### (AGAINST HUNTER WARFIELD)

40. Plaintiff restates and reallages paragraphs 1 through 39 as through fully set forth herein.

41. The Illinois Consumer Fraud and Deceptive Business Practices Act ("ICFA") states:

> "Unfair methods of competition and unfair or deceptive acts or practices, including but not limited to the use or employment of any deception, fraud, false pretense, false promise, misrepresentation or the concealment, suppression or omission of any material fact, with intent that others rely upon the concealment, suppression or omission of such material fact . . . in the conduct of any trade or commerce are hereby declared unlawful whether any person has in fact been misled, deceived or damaged thereby." 815 ILCS 505/2.

42. Plaintiff is a "person" and a "consumer" as defined in ICFA, 815 ILCS 505/(c) and (e) respectively.

43. Defendant is engaged in commerce in the state of Illinois with regard to Plaintiff and the subject debt. Defendant specializes in debt collection, which is an activity within the stream of commerce and utilized in its regular course of business.

44. Defendant violated 815 ILCS 505/2 by engaging in unfair and deceptive acts in its attempt to collect on a debt for more than is owed.

   a. **Unfairness and Deception**

45. It was unfair and deceptive for Defendant to attempt to collect on a debt for more than was owed. On January 4, 2023, Plaintiff paid Rockwell $615 which brought the subject debt balance down to $625. Soon thereafter, Defendant obtained the rights to collect on the subject debt. In its efforts to collect the subject debt, Defendant requested Plaintiff pay $1,240. Despite Plaintiff only owing $625, Defendant continued to collect on more than was due based on Plaintiff's payment to Rockwell for $615.

7

46. It was unfair and deceptive for Defendant to attempt to collect on more than was owed by Plaintiff.

47. Defendant's unfair conduct is against public policy because it created the false impression that Plaintiff owes more than she actually does.

48. Upon information and belief, Defendant systematically misleads consumers in Illinois to aggressively collect debts to increase its profitability at the consumer's expense.

49. Additionally, Defendant's unlawful and unfair debt collection efforts gives it an unfair competitive advantage over businesses that collect debts lawfully.

50. As alleged above, Plaintiff was substantially harmed by Defendant's misconduct.

51. An award of punitive damages is appropriate because Defendant's conduct described above was outrageous, willful and wanton, showed a reckless disregard for the rights of the Plaintiff and consumers, generally, and Plaintiff had no choice but to submit to Defendant's illegal conduct.

**WHEREFORE**, Plaintiff RITA MENDEZ, respectfully requests that this Honorable Court enter judgment in her favor as follows:

a. Enter judgment in Plaintiff's favor and against Defendant;
b. Award Plaintiff her actual damages in an amount to be determined at trial;
c. Award Plaintiff her punitive damages in an amount to be determined at trial;
d. Award Plaintiff her reasonable attorney's fees and costs pursuant to 815 ILCS 505/10a(c); and
e. Award any other relief this Honorable Court deems equitable and just.

## COUNT III – VIOLATIONS OF THE ILLINOIS CONSUMER FRAUD ACT
### (AGAINST ROCKWELL PARTNERS)

52. Plaintiff restates and reallages paragraphs 1 through 51 as through fully set forth herein.

53. The Illinois Consumer Fraud and Deceptive Business Practices Act ("ICFA") states:

> "Unfair methods of competition and unfair or deceptive acts or practices, including but not limited to the use or employment of any deception, fraud, false pretense, false promise, misrepresentation or the concealment, suppression or omission of any material fact, with intent that others rely upon the concealment, suppression or omission of such material fact . . . in the conduct of any trade or commerce are hereby declared unlawful whether any person has in fact been misled, deceived or damaged thereby." 815 ILCS 505/2.

54. Plaintiff is a "person" and a "consumer" as defined in ICFA, 815 ILCS 505/(c) and (e) respectively.

55. Defendant is engaged in commerce in the state of Illinois with regard to Plaintiff and the subject debt. Defendant specializes in debt collection, which is an activity within the stream of commerce and utilized in its regular course of business.

56. Defendant violated 815 ILCS 505/2 by engaging in unfair and deceptive acts by assigning the subject debt to a HW that is for more than what Plaintiff truly owes.

   a. **Unfairness and Deception**

57. As outlined above, through its conduct in assigning the subject debt to HW, Rockwell violated ICFA by assigning the subject debt for more than is owed. Therefore, Rockwell engaged in noncompliant conduct in its attempts to collect debts from Plaintiff for more than is truly owed.

58. Moreover, Rockwell violated the above statue when it assigned HW the subject debt after Plaintiff reduced its balance on the subject debt to $625 on January 4, 2023. Further,

Rockwell had actual knowledge that the subject debt was only $625 when it confirmed to Plaintiff that the payment was received in a phone call on April 4, 2023. Thus, Rockwell is in violation of ICFA through its unfair and deceptive tactics or mishandling the assigned debt to HW.

59. As alleged above, Plaintiff was harmed by Rockwell's misrepresentations in connection with the collection of the subject debt.

**WHEREFORE**, Plaintiff RITA MENDEZ, respectfully requests that this Honorable Court enter judgment in her favor as follows:

a. Enter judgment in Plaintiff's favor and against Defendant;
b. Award Plaintiff her actual damages in an amount to be determined at trial;
c. Award Plaintiff her punitive damages in an amount to be determined at trial;
d. Award Plaintiff her reasonable attorney's fees and costs pursuant to 815 ILCS 505/10a(c); and
e. Award any other relief this Honorable Court deems equitable and just.

**Plaintiff demands trial by jury.**

Dated: April 20, 2023

Respectfully Submitted,

*/s/ Marwan R. Daher*
Marwan R. Daher Esq.
*Counsel for Plaintiff*
Sulaiman Law Group, Ltd
2500 S Highland Ave, Suite 200
Lombard, IL 60148
Telephone: (630) 575-8188
mdaher@sulaimanlaw.com